JOHN E. WEST, State Bar No.: 89809
Email:  jwest@wbrllp.com
LAURA L. STEPHAN, State Bar No.: 156620
Email:  lstephan@wbrllp.com
**WEST, BORGES & ROSA LLP**
1301 Dove Street, Suite 700
Newport Beach, CA 92660-2470
Telephone:  (949) 208-8070
Facsimile:  (949) 208-8075

Attorneys for Specially Appearing Defendants,
PROVIDENCE ST. JOSEPH HEALTH and MISSION HOSPITAL
REGIONAL MEDICAL CENTER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA CALABRESE,<br>    Pro Se<br><br>                    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br>COUNTY OF ORANGE,<br>PROVIDENCE ST. JOSEPH<br>HEALTH and MISSION<br>HOSPITAL REGIONAL<br>MEDICAL CENTER,<br><br>                    Defendants. | CASE NO.:  5:19-cv-02492-CBM-SP<br>JUDGE CONSUELO B. MARSHALL<br><br>NOTICE OF MOTION AND MOTION<br>BY SPECIALLY APPEARING<br>DEFENDANTS PROVIDENCE ST.<br>JOSEPH HEALTH AND MISSION<br>HOSPITAL REGIONAL MEDICAL<br>CENTER TO DISMISS PURSUANT TO<br>FRCP 12(b)(4), 12(b)(5) AND12(b)(6);<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES; [PROPOSED] ORDER<br><br>[*Request for Judicial Notice; Declaration<br>of Laura L. Stephan filed concurrently<br>herewith*]<br><br>DATE:      May 5, 2020<br>TIME:      10:00 a.m.<br>DEPT:      8B, 8th Floor<br><br>Complaint Filed:   December 27, 2019 |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 5, 2020 at 10:00 a.m., or as soon

thereafter as the matter may be heard in Courtroom 8B, 8th Floor, of the United

States District Court for the Central District of California, located at 350 W. 1st

Street, Los Angeles, California 90012, before the Honorable Consuelo B. Marshall,

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

1   Specially Appearing Defendants Providence St. Joseph Health and Mission

2   Hospital Regional Medical Center (hereinafter referred to as "Defendants" or "St.

3   Joseph" and "Mission Hospital") will move the Court to dismiss the plaintiff's

4   Second Amended Complaint in this action pursuant to *Federal Rule of Civil*

5   *Procedure*, Rules 12(b)(4) and 12(b)(5), based on insufficient process and

6   insufficient service of process, or in the alternative to dismiss for failure to allege a

7   claim for relief pursuant to *Federal Rule of Civil Procedure*, Rule 12(b)(6).

8       This Motion is made pursuant to Federal Rule of Civil Procedure, Rules

9   12(b)(4) and 12(b)(5), on the grounds that plaintiff failed to serve a copy of the

10   Summons and Second Amended Complaint in accordance with Federal Rules of

11   Civil Procedure, Rule 4(c)(1) and 4(h)(1) and/or state law.  As such, defendants

12   move to have this matter dismissed pursuant to Rule 12(b)(5) for insufficient

13   service.

14       In the alternative, defendants move, pursuant to Federal Rule of Civil

15   Procedure, Rule 12(b)(6), as plaintiff has failed to allege any facts which give rise

16   to any claim for relief against these defendants.

17       This motion is made after several attempts to meet and confer with pro se

18   plaintiff, both via telephone and correspondence, pursuant to Local Rule 7-3.

19       This Motion is based on this Notice of Motion, the Memorandum of Points

20   and Authorities, the Declaration of Laura L. Stephan, the record for this action, and

21   such other oral and documentary evidence and argument that may be presented at

22   or by the hearing on this Motion.

Dated:  April 2, 2020                    WEST, BORGES & ROSA LLP

23

24

25                                       By: _____
                                              JOHN E. WEST
26                                            LAURA L. STEPHAN
                                              Attorneys for Specially Appearing
27                                            for Defendants, PROVIDENCE
                                              ST. JOSEPH HEALTH and
28                                            MISSION HOSPITAL
                                              REGIONAL MEDICAL CENTER

# **TABLE OF CONTENTS**

Page No.

I.      INTRODUCTION ................................................................. 3

II.     PLAINTIFF FAILED TO EFFECTUATE PROPER SERVICE ON MOVING DEFENDANTS.................................................. 5

III.    PLAINTIFF FAILED TO EFFECTUATE PROPER PROCESS AS DEFENDANTS WERE NOT SERVED WITH A SUMMONS ................. 6

IV.     PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO IDENTIFY OR STATE ANY CLAIM FOR RELIEF AGAINST DEFENDANTS ...................................................... 7

V.      THE LEGISLATIVE INTENT OF THE LANTERMAN-PETRIS-SHORT ACT WAS TO END THE PRACTICE OF INDEFINITE COMMITMENT OF MENTALLY DISABLED INDIVIDUALS ............ 9

VI.     PLAINTIFF HAS FAILED TO ALLEGE AND CANNOT ALLEGE A VIABLE 14TH AMENDMENT CLAIM FOR RELIEF ....................... 11

VII.    PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF 42 USC §12131 OR OMSTEAD V. LC BY ZIMRING AS TO NON-PUBLIC ENTITY DEFENDANTS.................................................. 12

VIII.   PLAINTIFF DOES NOT STATE SUFFICIENT FACTS TO ESTABLISH A VIOLATION OF 29 USC §794, SECTION 504 OF THE REHABILITATION ACT OF 1973................................. 13

IX.     PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM PURSUANT TO 42 USC §10801 ............................................ 16

X.      PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM PURSUANT TO 42 USC §9501 ............................................. 16

XI.     PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM PURSUANT TO 42 USC §2000C (CIVIL RIGHTS ACT OF 1964)....... 19

XII.    PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM PURSUANT TO CALIFORNIA'S UNRUH ACT................................. 20

XIII.   CONCLUSION.................................................. 22

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

00206716.1

i

NTC OF MOTION & MOTION BY SPECIALLY APPEARING DEFS PROVIDENCE ST. JOSEPH HEALTH & MISSION HOSPITAL TO DISMISS PURSUANT TO FRCP 12(B)(4), 12(B)(5) AND12(B)(6)

# TABLE OF AUTHORITIES

**Page No(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................. 7, 20

*Balistreri v. Pacifica Police Dept.,*
  901 F.2d 696 (9th Cir. 1990) .......................................................................... 22

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ....................................................................................... 7

*Blum v. Yaretsky,*
  (1982) 457 U.S. 991 ................................................................................. 11, 12

*Briand v. Lavigne,*
  223 F.Supp.2d 241 (D. Me. 2002) ................................................................ 17

*Brooks v. Johnson and Johnson, Inc.,*
  685 F. Supp. 107, 108 (E.D.Pa.1988) ..................................................... 18, 19

*Bryant v. Madigan,*
  84 F.3d 246, 249 (7th Cir. 1996) .................................................................. 14

*Cahill v. Liberty Mutual Insurance Co.,*
  80 F.3d 336 (9th Cir. 1996) ............................................................................ 8

*Cohn v. Corinthian Colleges, Inc.,*
  169 Cal.App.4th 523 (2008) .......................................................................... 21

*Croft v. Harder,*
  730 F. Supp. 342 (D.Kan.1989) .................................................................... 18

*Dill v. Berquest Const. Co., Inc.*
  (1994) 24 Cal.4th App. 1426 .......................................................................... 5

*Doe v. University of Maryland,*
  50 F.3d 1261 (4th Cir. 1995) ......................................................................... 14

*Duvall v. County of Kitsap,*
  260 F.3d 1124 (9th Cir. 2001) ....................................................................... 15

*E.R.K. ex ret RK v. Hawaii Department of Education*
  (9th Cir. 2013) 728 F.3d 982 ......................................................................... 15

*Ferguson v. City of Phoenix*
  (9th Cir. 1998) 157 F. 3d 668 ........................................................................ 15

*Franklin v. Gwinnett*
  (1992) 503 U.S. 60 ......................................................................................... 15

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

00206716.1

ii

NTC OF MOTION & MOTION BY SPECIALLY APPEARING DEFS PROVIDENCE ST. JOSEPH
HEALTH & MISSION HOSPITAL TO DISMISS PURSUANT TO FRCP 12(B)(4), 12(B)(5) AND12(B)(6)

*Gatto v. County of Sonoma,*
  98 Cal.App.4th 744 (2002) ................................................................ 21

*Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.,*
  742 F.3d 414 (9th Cir. 2014) ............................................................. 21

*Guardians Association, etc., et at v. Civil Service Commission of the City of New York, et al.*
  (1983) 463 U.S. 583) ......................................................................... 15

*In re Gilead Sciences Sec. Litig.,*
  536 F.3d 1049 (9th Cir. 2008) ............................................................. 8

*Ind. Protection & Advocacy Services v. Ind. Family & Social Services Administration,*
  603 F.3d 365 (7th Cir. 2010) ............................................................. 16

*Jackson v. Metropolitan Edison Co.,*
  419 U.S. 345 (1974) ......................................................................... 12

*Kelley v. Trunk*
  (1998) 66 Cal.App.4th 519 ................................................................. 4

*Koebke v. Bernardo Heights Country Club,*
  36 Cal.4th 824 (2005) ........................................................................ 4

*Lazy Y Ranch LTD. v. Behrens,*
  546 F.3d 580 (9th Cir. 2008) ............................................................. 20

*McGugan v. Aldana-Bernier*
  752.F3d 224 (2nd Cir. 2014) ......................................................... 14, 15

*Mendiondo v. Centinela Hospital Medical Center,*
  521 F.3d 1097 (9th Cir. 2008) ............................................................. 8

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.,*
  540 F.3d 1049 (9th Cir. 2008) ............................................................. 8

*Mid-Continent Wood Products, Inc., v. Harris*
  (7th Cir. 1991) 936 F.2d 297 .............................................................. 5

*Monahan v. Dorchester Counseling Center, Inc.,*
  961 F.2d 987 (1st Cir. 1992) ....................................................... 17, 18, 19

*Moss v. U.S. Secret Service,*
  572 F.3d 962 (9th Cir. 2009) ............................................................. 22

*Munson v. Del Taco, Inc.,*
  46 Cal.4th 661 (2009) ...................................................................... 21

*Olmstead v. L.C. by Zimring,*
  527 U.S. 581 (1999) ............................................................... 7, 12, 13

*Pennhurst State School and Hospital v. Halderman,*
  451 U.S. 1, 67 L. Ed. 2d 694, 101 S. Ct. 1531 (1981) ..................... 18, 19

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

*Ramirez v. Wong,*
    188 Cal.App.4th 1480 (2010) ................................................................ 21

*Shroyer v. New Cingular Wireless Svcs., Inc.,*
    622 F.3d 1035 (9th Cir. 2010).............................................................. 20

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001).................................................................. 8

*Thorn v. Superior Court of San Diego County,*
    1 Cal.3d 666, 464 P.2d 56 (Cal. Jan. 26, 1970) ................................ 10

*Turner v. Ass'n of Am. Med. Colls.,*
    167 Cal.App.4th 1401 (2008) .............................................................. 21

**Statutes**

14th Amendment ..................................................................... 4, 7, 1

29 USC §794 ................................................................... 7, 13, 15

42 USC §2000c ..................................................................... 7, 19

42 USC §6010 ..................................................................... 18, 19

42 USC §9501 ........................................................................ 16, 17

42 USC §10801 ..................................................................... 7, 16

42 USC §10841 ................................................................. 17, 18, 19

42 USC §10851(a) ..................................................................... 18

42 USC §12131 ..................................................................... 7, 13

42 USC §§12131(1)(A) - (B) ............................................................ 13

42 USC §12182(a) ..................................................................... 12

*Business & Professions* Code §2000 ............................................. 17

*Business & Professions Code* §2400 ............................................. 17

*Civil Code §51(b)* ..................................................................... 20

*Code of Civil Procedure §415.30(a)* ............................................. 5

*Code of Civil Procedure §416.10* ............................................... 5

*Federal Rules of Civil Procedure*, Rule 4(h)(1)(B) ..................... 5

*Federal Rules of Civil Procedure*, Rule 8 ................................... 7

*Federal Rules of Civil Procedure,* Rule 12(b) ........................ 2, 6

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

*Federal Rules of Civil Procedure* Rule 12(b)(4) ........................................................ 6

*Federal Rules of Civil Procedure* Rule 12(b)(6) ........................................................ 8, 22

*Welfare & Institution Code* §5000 ........................................................................... 9

*Welfare & Institution Code* §5001(a) and (b) ........................................................... 9

*Welfare & Institution Code* §5001(i) ....................................................................... 9

*Welfare & Institutions Code* §5150 .......................................................................... 10

*Welfare & Institutions Code* §5152 .......................................................................... 9

*Welfare & Institution Code* §5200 ........................................................................... 10

*Welfare & Instituion Code* §5253 ............................................................................ 10

*Welfare & Instituion Code* §5275 ............................................................................ 10

*Welfare & Institution Code* §5276 ........................................................................... 10

**Other Authorities**

71 Ops. Cal.Atty.Gen. 190, 6 (1988) ........................................................................ 17

Executive Order 13217, June 18, 2001, 66 FR33155 ............................................... 13

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

00206716.1                                        v

NTC OF MOTION & MOTION BY SPECIALLY APPEARING DEFS PROVIDENCE ST. JOSEPH
HEALTH & MISSION HOSPITAL TO DISMISS PURSUANT TO FRCP 12(B)(4), 12(B)(5) AND12(B)(6)

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Second Amended Complaint in this matter is confusing and unclear.  It does not identify any claim upon which relief may be granted against these defendants and does not identify what claims, if any, are actually alleged against any specific defendant.

Based upon what is pled, this appears to be a complaint based upon medical negligence as plaintiff seems to allege she was prematurely discharged from the various hospitals.  Plaintiff alleges that per California Lanterman-Petris-Short (LPS) Act of 1967, a judge should have determined whether or not she was stable for discharge, rather than physicians determining whether or not she was medically stable for discharge.

According to the Second Amended Complaint, plaintiff was admitted to St. Joseph Hospital of Orange in 2008 due to her psychiatric condition, received treatment, and then *10 years later*, in 2018, she suffered a psychotic break, attempted suicide and was taken to Mission Hospital[1].  Plaintiff states she was treated for this suicide attempt, and, according to the Second Amended Complaint, discharged while psychotic.  Plaintiff does not identify who discharged her.

According to the Second Amended Complaint, approximately six months later, she was placed on a 5150 hold by "the County of Orange", and readmitted to Mission Hospital.  Plaintiff does not allege that the physicians who discharged her were erroneous in their evaluations for discharge, nor does she claim that the physicians were employees of either moving defendant, which they were not.  Instead she states the physicians were assigned to care for her, and, essentially, failed to comply with the standard of care allegedly set by the Medical Board of

---

[1] Mission Hospital consists of two hospitals, the main campus in Mission Viejo and a smaller campus in Laguna Beach.  The Laguna Beach campus has a locked, psychiatric unit.

NTC OF MOTION & MOTION BY SPECIALLY APPEARING DEFS PROVIDENCE ST. JOSEPH HEALTH & MISSION HOSPITAL TO DISMISS PURSUANT TO FRCP 12(B)(4), 12(B)(5) AND12(B)(6)

California[2] and she was dumped at a community shelter.

Again, from the Second Amended Complaint, it appears that plaintiff's argument is that she was denied her LPS rights/civil rights as she did not approve of being discharged after a 5 day hold, nor did a judge, and she believes she should have been kept in the hospital longer than the physicians using their medical judgment determined she should be confined, as she did not want to go to a homeless shelter. (Docket No. 30, pages 8 through 10).

Defendants, ST. JOSEPH and MISSION HOSPITAL are privately owned, not-for-profit hospitals in Orange County, California. They are not public entities. (See, Declaration of Laura L. Stephan.)

It may be that plaintiff is claiming in the Second Amended Complaint that the California Lanterman-Petris-Short (LPS) Act of 1967 is unconstitutional, based upon various federal statutes listed in her Second Amended Complaint, as well as the 14th Amendment, not because it ensures the civil rights of patients by compelling release of those deemed stable for discharge by physicians, but because it does not compel physicians to obtain a court order prior to discharging them. However, this is unclear.

As will be discussed more completely below, plaintiff failed to properly serve defendants, and the 14th Amendment and statutes referenced by plaintiff in her Second Amended Complaint are either not applicable to private hospitals or the Second Amended Complaint simply fails to state facts sufficient to constitute a claim for relief as against these defendants. Therefore, defendants ST. JOSEPH and MISSION HOSPITAL respectfully request this Court grant their Motion to Dismiss in its entirety, with prejudice.

/ / /

---

[2] Notably, the Medical Board of California acknowledges that they do not create or set the standard of care. It is physicians who create the standard of care. See generally, *Kelley v. Trunk* (1998) 66 Cal.App.4th 519.

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

## II.   **PLAINTIFF FAILED TO EFFECTUATE PROPER SERVICE ON MOVING DEFENDANTS**

Statutes governing service of process are strictly construed.   A liberal construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had."   *Mid-Continent Wood Products, Inc., v. Harris* (7th Cir. 1991) 936 F.2d 297, 300.   In this case, none of the documents served on defendants, Providence St. Joseph Health and Mission Hospital, including the Second Amended Complaint, were properly served.

Business entities, such as Providence St. Joseph Health and Mission Hospital Regional Medical Center, may be served either pursuant to the state law where the district court is located or under federal law.   In California, a business entity can be served by delivering copies of the summons and complaint to an officer of the corporation, such as the president, the designated statutory agent of service, or the Secretary of State (with Court authorization).   *Code of Civil Procedure* §416.10; *Dill v. Berquest Const. Co., Inc.* (1994) 24 Cal.4th App. 1426, 1437.   A plaintiff can effect mail service by mailing the defendant a copy of the summons and complaint, two copies of a Notice and Acknowledgment form (Cal. Form POS-105), and a self-addressed prepaid envelope.   *Code of Civil Procedure* §415.30(a).   If a defendant refuses to sign and return the Notice and Acknowledgment form, then some other method of service must be utilized.   *Code of Civil Procedure* §415.30(a).   Service by mail is only valid when the parties comply with all of the statutory provisions.

Under federal law, a business entity may be served by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized or appointed by law to receive service of process. *Federal Rules of Civil Procedure*, Rule 4(h)(1)(B).

In this case, service is defective under both California and Federal law.   On or about February 9, 2020, plaintiff simply mailed, by U.S. Postal Mail, a copy of

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office · (949) 208-8075 Facsimile

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

the First Amended Complaint (Docket Nos. 24 and 26) and several other documents, none of which were the Summons, and followed up by serving the Second Amended Complaint in the same manner  (Docket No. 30).  The Proof of Service states the Complaints were mailed to Providence St. Joseph Health, Jeff Miner, Registered Agent Representative, 1801 Lind SW, Renton, WA 98057.  Mr. Miner is not the agent for service for either Providence St. Joseph Health or Mission Hospital Regional Medical Center.  (See, Declaration of Laura L. Stephan and Request for Judicial Notice filed concurrently herewith.)

Under California law, simply mailing a copy of a complaint does not effectuate service without also including two copies of the California designated form titled Notice and Acknowledgment, which the defendant must then sign and return for the service to be valid and complete.  As defendants ST. JOSEPH and MISSION HOSPITAL have not been properly served, defendants respectfully request this Court grant this Motion to Dismiss.

## III.  <u>PLAINTIFF FAILED TO EFFECTUATE PROPER PROCESS AS DEFENDANTS WERE NOT SERVED WITH A SUMMONS</u>

Pursuant to Rule 12(b) of the *Federal Rules of Civil Procedure*, a party may bring a motion to dismiss for insufficient process.  Rule 12(b)(4).  Here, as the Proofs of Service reflects no Summons was served on either defendant.  Instead, plaintiff identifies that only the following documents were served: Request to Proceed IFP (No. 4), Petition for Venue in Riverside Court (No. 5), Proposed Order for Petition (No. 5.1), Application for Pro Se Litigant ECF Access (No. 6), Proposed Order for Pro Se Litigant ECF Access (No. 6.1), Request for Service by US Marshal (No. 7), Petition for Appointment of Next Friend (No. 15), First Amended Complaint (No. 18), Petition for Stay of First Amended Complaint (No. 19), Notice of Appeal (No. 20), Lodging of Proposed Order Granting Stay (No. 21), Second Amended Complaint (No. 30), Proposed Application for Seal (No. 31), and Proposed Order for Seal (No. 31).  By plaintiff's own Proofs of Service, even if

1   this Court deems service proper, special appearing defendants did not receive

2   sufficient process as no Summons was ever served.

## IV. PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO IDENTIFY OR STATE ANY CLAIM FOR RELIEF AGAINST DEFENDANTS

6          Pursuant to Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must

7   contain a "short and plain statement of the claim" which "show[s] that the pleader

8   is entitled to relief" and which provides the defendant with "fair notice of what the

9   ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*,

10  550 U.S. 544, 55 (2007).  Thus, a complaint must "contain sufficient factual matter,

11  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

12  *Iqbal*, 556 U.S. 662, 678 (2009).   While complaints are liberally construed, a

13  complaint must contain "more than an unadorned, the-defendant-unlawfully-

14  harmed-me accusation."   *Ibid.* (citations and quotation marks omitted).   The

15  complaint must "contain sufficient factual matter, accepted as true, and to state a

16  claim to relief that is plausible on its face." *Ibid.*

17         On the second page of the Second Amended Complaint is a list of what may

18  be the claims for relief plaintiff is attempting to plead: (1) violation of the 14th

19  Amendment; (2) violation of 42 USC §12131, et seq.; (3) *Olmstead v. L.C. by*

20  *Zimring,* 527 U.S. 581 (1999); (4) violation of 29 USC §794; (5) violation of 42

21  USC §10801; (6) USC §9501, presumably of title 42, though this is not stated; (7)

22  violation of 42 USC §2000c et seq; and (8) violation of California Unruh Act[3].

23  However, this is unclear and nowhere in plaintiff's Second Amended Complaint

24  does she identify specifically what claims she alleging and against which defendant

25  they are alleged.

26         A party may move to dismiss for failure to state a claim pursuant to *Federal*

---

[3] California Unruh Act is contained in California *Civil Code* §§51 and 52.

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

NTC OF MOTION & MOTION BY SPECIALLY APPEARING DEFS PROVIDENCE ST. JOSEPH
HEALTH & MISSION HOSPITAL TO DISMISS PURSUANT TO FRCP 12(B)(4), 12(B)(5) AND12(B)(6)

*Rule of Civil Procedure,* Rule 12(b)(6).    Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hospital Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008).    In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).    However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).    When reviewing a motion to dismiss, the court's inquiry is generally "limited to the contents of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

From the limited facts alleged, plaintiff seems to state that defendants repeatedly denied plaintiff her Lanterman-Petris-Short (LPS) Act rights at the time of her various discharges from the hospitals, as they discharged her without a judicial hearing.  (Doc No. 18, Page 4, lines 19 – 21, and Page 5, lines 10 – 12 and Doc No. 30, Page 8, paragraph 17; page 9, paragraphs 19 and 21).  However, she does not state or provide any information as to why her discharge from the hospitals was a denial of her LPS Act rights or how such discharges relate to the possible claims for relief listed in her Second Amended Complaint.

As will be discussed below, even if the facts in the Second Amended Complaint were true, plaintiff could not state a claim upon which relief may be granted even if provided an opportunity to amend.  Therefore, defendants ST. JOSPEH and MISSION HOSPITAL respectfully request this Court grant this

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

1 motion without leave to amend.

2 **V.    THE LEGISLATIVE INTENT OF THE LANTERMAN-PETRIS-**

3 **      SHORT ACT WAS TO END THE PRACTICE OF INDEFINITE**

4 **      COMMITMENT OF MENTALLY DISABLED INDIVIDUALS**

5        Plaintiff argues that she should have been provided judicial review prior to

6 her discharge, claiming that the manner in which defendants apply the LPS statutes

7 is unconstitutional.  Plaintiff's interpretation of California's Lanterman-Petris-Short

8 Act, *Welfare & Institutions Code* §§5000 et seq. is inconsistent with the Legislative

9 Intent of the Act.

10       California's   Lanterman-Petris-Short Act, *Welfare  &  Institutions  Code*

11 §§5000 et seq., must be construed to promote <u>the intent of the Legislature to end the</u>

12 <u>inappropriate, indefinite, and involuntary commitment of mentally ill individuals</u>

13 and to provide prompt evaluation and treatment, and to protect those individuals.

14 *Welfare & Institution Code*  §5001(a) and (b).  The purpose of the LPS Act was to

15 limit the confinement of the mentally ill and to provide them with services in the

16 least restrictive setting.  *Welfare & Institution Code*  §5001(i).

17       Here, plaintiff is arguing that every patient must be evaluated by a judge or

18 receive some type of judicial process prior to discharge, even if a physician has

19 made the medical determination that such patient is stable and appropriate for

20 discharge.  However, plaintiff's interpretation of the LPS Act would result in lay

21 people, not physicians, practicing medicine, which is not permitted.

22       Further, California *Welfare & Institutions Code* §5152 states, in pertinent

23 part:

24       (a) Each  person  admitted  to  a  facility  for  72-hour  treatment  and

25       evaluation . . . <u>shall</u> be released before 72 hours have elapsed only if

26       the psychiatrist directly responsible for the person's treatment believes,

27       as a result of the psychiatrist's personal observations, that the person

28       no longer requires evaluation or treatment. . . .

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

NTC OF MOTION & MOTION BY SPECIALLY APPEARING DEFS PROVIDENCE ST. JOSEPH
HEALTH & MISSION HOSPITAL TO DISMISS PURSUANT TO FRCP 12(B)(4), 12(B)(5) AND12(B)(6)

As reflected in this section, again, it is for the determination of a psychiatrist or psychologist to determine when and if an individual held pursuant to *Welfare & Institutions Code* §5150, may be released; not a hospital, not a judge, just those who are licensed to make such medical determinations.

*Welfare & Institution Code* §5200 states, in pertinent part:

Any person alleged, as a result of mental disorder, to be a danger to others, or to himself, or to be gravely disabled, <u>may</u> be given an evaluation of his condition under a superior court order pursuant to this article. [Emphasis added.]

Contrary to plaintiff's interpretation of the LPS Act, this section makes clear that the LPS Act does not require judicial intervention prior to a physician's order to discharge a patient. Instead, it states that the patient "may" be evaluated pursuant to a Court order if an individual it considered to be a danger to himself/herself or others. It should be noted that pursuant to *Welfare & Institutions Code* §5150, the individuals who can make such a determination are peace officers or health care professionals, not hospitals.

Though the Lanterman-Petris-Short Act authorizes a process more medical than the former civil commitment procedures that it repealed, the Legislature's concern that the patient's civil rights receive full protection is demonstrated by the provisions in the act requiring notice of the 14-day certification for involuntary intensive treatment be given to the superior court and to various attorneys, among others (§5253), and the express specification of the rights of a patient requesting release to have counsel appointed and to seek habeas corpus (§§5275, 5276). *Thorn v. Superior Court of San Diego County*, 1 Cal.3d 666, 464 P.2d 56 (Cal. Jan. 26, 1970).

The purpose of LPS Act was not to require physicians to obtain court orders to discharge a patient, but to ensure the individual held pursuant to *Welfare & Institutions Code* §5150 were not denied their civil rights with extended

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

1  confinement to psychiatric facilities.  As plaintiff has failed to state a claim upon

2  which relief may be granted, and even with amendment cannot do so, specially

3  appearing defendants ST. JOSPEH and MISSION HOSPITAL respectfully request

4  this Court grant this Motion to Dismiss without leave to amend.

**VI.  PLAINTIFF HAS FAILED TO ALLEGE AND CANNOT ALLEGE A VIABLE 14TH AMENDMENT CLAIM FOR RELIEF**

7      Plaintiff seems to allege a violation of the 14th Amendment to the United

8  States Constitution; however, she does not indicate how it is applicable in this

9  matter.  There is no viable 14th Amendment Claim against these defendants as

10  plaintiff's Second Amended Complaint fails to allege any due process claim

11  pursuant to the 14th Amendment against them.

12      The Fourteenth Amendment, Section 1 reads:

13      "All persons born or naturalized in the United States, and subject to the

14      jurisdiction thereof, are citizens of the United States and of the state

15      wherein they reside. No state shall make or enforce any law which shall

16      abridge the privileges or immunities of citizens of the United States;

17      nor shall any state deprive any person of life, liberty, or property,

18      without due process of law; nor deny to any person within its

19      jurisdiction the equal protection of the laws."

20      Specially appearing defendants are not and cannot be deemed state actors as

21  they are privately owned, not-for-profit hospitals.  "State action" is a prerequisite to

22  asserting a 14th Amendment claim.  In *Blum v. Yaretsky*, (1982) 457 U.S. 991, 993,

23  the Court stated that the Fourteenth Amendment erects no shield against merely

24  private conduct and stated the following:

25      "The State, by requiring completion by physicians or nursing homes of

26      forms relating to a patient's condition and discharge or transfer

27      decisions, is not responsible for the decisions of the physicians or

28      nursing homes. Those decisions ultimately turn on medical judgments

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

made by private parties according to professional standards that are not established by the State. Similarly, regulations imposing penalties on nursing homes that fail to discharge or transfer patients whose continued stay is inappropriate do not themselves dictate the decision to discharge or transfer in a particular case. And even though the State subsidizes the cost of the facilities, pays the expenses of the patients, and licenses the facilities, the action of the nursing homes is not thereby converted into "state action." Nor do the nursing homes perform a function that has been "traditionally the exclusive prerogative of the State," *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974), so as to establish the required nexus between the State and the challenged action. Pp. 1005-1012." *Id.*

The defendants here, just as those in *Blum,* are not state actors, and hence there is no state action here warranting Fourteenth Amendment protections. As such, the Second Amended Complaint fails to state and cannot state a claim for relief pursuant to the Fourteenth Amendment. Therefore, defendants ST. JOSEPH and MISSION HOSPITAL respectfully request this Court grant this Motion to Dismiss, without leave to amend.

## VII. PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF 42 USC §12131 OR *OMSTEAD V. LC BY ZIMRING* AS TO NON-PUBLIC ENTITY DEFENDANTS

Under the Title II of the ADA, "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 USC §12182(a). However, the statutory language in Title II of the ADA is clear that it only applies to "public entities," which are defined

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

as "any state or local government, [or] any of its departments, agencies, or other instrumentality." See, 42 USC §§12131(1)(A) - (B).

Under Title II of Americans with Disabilities Act of 1990, 42 USCS §§12131, et seq., States are required to provide community-based services to persons with mental disabilities rather than place them in public institutions, where (1) a state's treatment professional has determined community it is appropriate to place such an individual; (2) transfer from institution to community care is not opposed by affected individual, and (3) community placement can be reasonably accommodated. *Olmstead v. L. C. by Zimring*, 527 U.S. 581, 119 S.Ct. 2176, 144 L.Ed. 2d 540, 12 Fla. L. Weekly Fed. S 424, 99 Cal. Daily Op. Service 4859, 6 Accom. Disabilities Dec. (CCH) ¶6-219, 9 Am. Disabilities Cas. (BNA) 705 (1999).

Essentially, the purpose of §12131, et seq. is to prevent "unjustified isolation or segregation" of qualified individuals with disabilities by requiring states to provide such individuals with community based options for treatment. See, Executive Order 13217, June 18, 2001, 66 FR33155.

Hence, to allege a claim for relief pursuant to 42 USC §12131, et seq. plaintiff must allege that defendants are public entities. Providence St. Joseph Hospital of Orange and Mission Hospital are privately owned, not-for-profit hospitals in Orange County, California. They are not public entities. (See, Declaration of Laura L. Stephan.)

Nowhere in plaintiff's Second Amended Complaint does she state that the defendants are public entities, as they are not. As such, defendants ST. JOSEPH and MISSION HOSPTIAL respectfully request this Court grant this Motion to Dismiss, without leave to amend.

## VIII. <u>PLAINTIFF DOES NOT STATE SUFFICIENT FACTS TO ESTABLISH A VIOLATION OF 29 USC §794, SECTION 504 OF THE REHABILITATION ACT OF 1973</u>

In the Second Amended Complaint plaintiff seems to allege a claim under

§504 of the Rehabilitation Act, which provides in pertinent part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705 of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Section 504 of the Rehabilitation Act, prohibit discrimination against an otherwise qualified individual with a disability. To establish a violation of this section, plaintiff must claim: (1) she has a disability; (2) she is otherwise qualified for the benefit in question; and (3) she was excluded from a benefit due to discrimination solely on the basis of the disability. *Doe v. University of Maryland*, 50 F.3d 1261, 1265 (4th Cir. 1995).

Here, plaintiff alleges none of the requirements for a claim based upon the Rehabilitation Act, other than that she has a disability. She does not state what benefit is at issue, or how she was excluded from the benefit. If plaintiff is attempting to argue that she should have been afforded the benefit of indefinite confinement in a psychiatric facility until she or a judge felt she was stable, this would be counterintuitive to the purpose of the LPS Act, which is to grant civil rights to individuals, to provide them with freedom of choice in their care and to prevent indefinite confinements.

The case before this court is in line with *McGugan v. Aldana-Bernier* 752.F3d 224 (2nd Cir. 2014). In *McGugan,* the Court noted that a physician's refusal to provide a particular treatment, which the disabled patient had requested, because, in the assessment of the physician, the treatment would not be appropriate, is not discrimination in violation of the statute. *Id.* at pages 231 – 232. Such a decision may be medical negligence, but it is not discrimination. See *Bryant v. Madigan* 84 F.3d 246, 249 (7th Cir. 1996).

Here, plaintiff apparently did not wish to be discharged from the various

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

1   hospitals, but the physicians felt she was stable for discharge.   While plaintiff

2   believes she was not stable, the decision of the physicians may be medical

3   negligence, but it is not discrimination.

4       Further, claims for compensatory damages under §504 of Rehabilitation Act,

5   29 USC §794, et seq., require a showing of, among other things, that plaintiff was

6   discriminated against and that the discrimination was solely by reason of their

7   disability.   See, 29 USC §794; see also, *E.R.K. ex ret RK v. Hawaii Department of*

8   *Education* (9th Cir. 2013) 728 F.3d 982, 992.   The plaintiff must also show that the

9   discrimination was intentional.   *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135

10  (9th Cir. 2001); *Ferguson v. City of Phoenix* (9th Cir. 1998) 157 F. 3d 668, 674,

11  "That holding is consistent with the holding in *Guardians* and with our holding

12  today that compensatory damages are not available under Title II or Section

13  504 absent a showing of discriminatory intent." (Citing *Franklin v. Gwinnett* (1992)

14  503 U.S. 60; *Guardians Association, etc., et at v. Civil Service Commission of the*

15  *City of New York, et al.* (1983) 463 U.S. 583)].)   The failure to act must be more

16  than negligent, and must "involve an element of deliberateness." *Duvall* at p. 1139.

17      From her Second Amended Complaint, plaintiff does not allege she was

18  discriminated against due to her disability, but seems to believe she was not

19  permitted to obtain a prolonged admission to a psychiatric facility as she did not

20  have better insurance.   (Doc No. 30, page 8, paragraph 16.)   As will be discussed

21  more completely below, physicians make the determination of when and if a patient

22  is to be discharged, not hospitals, as to do so is practicing medicine.

23      Further, plaintiff claims that the manner in which ST. JOSEPH and MISSION

24  HOSPITAL apply the LPS Act, releasing patients when a physician determines they

25  are stable and orders their discharge, is somehow a violation of Section 504.

26  However, as reflected in *McGugan, supra,* this decision by a physician to discharge

27  a patient may be malpractice, but it is not a violation of the Rehabilitation Act.

28      Here, plaintiff cannot reasonably assert any factual allegations to support her

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

NTC OF MOTION & MOTION BY SPECIALLY APPEARING DEFS PROVIDENCE ST. JOSEPH
HEALTH & MISSION HOSPITAL TO DISMISS PURSUANT TO FRCP 12(B)(4), 12(B)(5) AND12(B)(6)

1  claim that ST. JOSPEH or MISSION HOSPITAL denied her services because of

2  her disability in violation of the Rehabilitation Act.  As such, defendants request

3  this Court grant this Motion to Dismiss, without leave to amend.

4  **IX.**   **PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM**

5     **PURSUANT TO 42 USC §10801**

6     42 USC §10801 states that the purpose of this section is to "ensure that the

7  rights of individuals with mental illness are protected" and "to assist States to

8  establish and operate a protection and advocacy system for individuals with mental

9  illness".

10    42 USC §10801 provides funding and assistance to states to create a system

11 to protect and advocate for individuals with mental illness, as well as a system to

12 investigate for possible abuse of such individuals.  See, *Ind. Protection & Advocacy*

13 *Services v. Ind. Family & Social Services Administration,* 603 F.3d 365 (7th Cir.

14 2010).  It does not create a private claim for monetary relief. *Id* at page 382.

15    As 42 USC §10801 does not create a claim for relief, defendants ST. JOSEPH

16 and MISSION HOSPITAL respectfully request this Court grant the Motion to

17 Dismiss this claim for relief, without leave to amend.

18 **X.**   **PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM**

19    **PURSUANT TO 42 USC §9501**

20    First and foremost, specially appearing defendants are making the assumption

21 that plaintiff is referring to Title 42, though that is not stated in the Second Amended

22 Complaint.  This, in and of itself, should compel the court to dismiss this claim for

23 relief.  However, the Court should dismiss the claim for relief without leave to

24 amend as plaintiff cannot allege a claim for relief against ST. JOSEPH or MISSION

25 HOSPITAL based upon 42 USC §9501, as reflected in (1)(A)(ii) of this section.

26 The purpose of the statute is to restrict an individual's liberty "only to the extent

27 necessary consistent with such person's treatment needs, applicable requirements

28 of law, and applicable judicial orders."

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

NTC OF MOTION & MOTION BY SPECIALLY APPEARING DEFS PROVIDENCE ST. JOSEPH
HEALTH & MISSION HOSPITAL TO DISMISS PURSUANT TO FRCP 12(B)(4), 12(B)(5) AND12(B)(6)

Plaintiff seems to be under the mistaken belief that hospitals such as St. Joseph Hospital of Orange and Mission Hospital determine when an LPS patient is stable for release. However, the Medical Practice Act (California *Business & Professions* Code §2000, et seq.) prohibits all but licensed physicians from treating patients, including making a medical diagnosis, selecting and ordering specific treatment for a particular patient or admitting or discharge a patient. See 71 Ops. Cal.Atty.Gen. 190, 6 (1988). The Attorney General's Opinion also notes that it is a physician who makes a medical diagnosis "that there is some illness or condition which needs treatment", as well as what that treatment will consist of *Id.* at page 4.

California *Business & Professions* Code §2400, part of the Medical Practice Act, states "[c]orporations and other artificial entities shall have no professional rights, privileges, or powers." The policy expressed in *Business and Professions Code* §2400 against the corporate practice of medicine is intended to prevent unlicensed persons, such as administrators of hospitals, from interfering with or influencing the physician's professional judgment.

Here, plaintiff seems to believe that hospitals discharge patients, but as reflected above, artificial entities "shall have no professional rights" to make the determination as to whether or not a patient is stable and ready for discharge.

Further, the Court in *Briand v. Lavigne,* 223 F.Supp.2d 241 (D. Me. 2002) pointed out that 42 USC §9501 does not create an enforceable federal right for patients. In *Monahan v. Dorchester Counseling Center, Inc.,* 961 F.2d 987 (1st Cir. 1992), the Court of Appeals noted that §10841 is a 1986 restatement of §9501, and that the two statutes use almost identical language. *Monahan*, 961 F.2d at 994.

Section 10841 of title 42 begins with the following paragraph:

It is the sense of the Congress that, as previously stated in title V of the Mental Health Systems Act [42 USC § 9501 et seq.], each State should review and revise, if necessary, its laws to ensure that mental health patients receive the protection and services they require, and

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

1  that in making such review and revision, States should take into

2  account the recommendations of the President's Commission on

3  Mental Health[.] [Emphasis added.]

4  The Court in *Monahan* noted that §10851(a) provides that the section "shall

5  not be construed as establishing any new rights for individuals with mental illness."

6  In *Monahan*, the Court of Appeals held that §10841, read in conjunction

7  with §9501, created no enforceable rights. It reasoned:

8  The use of the terms "should" and "the sense of Congress" [in the

9  opening paragraph] indicate that the statute is merely precatory. . . .

10  We agree with the District Court for the Eastern District of

11  Pennsylvania that, the statutory language, setting forth "the sense of

12  Congress" and recommending that states "should" review their laws

13  regarding mental health patients is plainly precatory. . . . The Senate

14  Report declares that the Bill of Rights is a "statement of Congressional

15  viewpoint," and emphasizes that this section "further encourages each

16  state to review and revise its laws to insure that mentally ill persons

17  receive the protection and service they require." 961 F.2d at 994-95.

18  See, *Croft v. Harder*, 730 F. Supp. 342, 350-51 (D.Kan.1989); *Brooks v. Johnson*

19  *and Johnson, Inc.*, 685 F. Supp. 107, 108 (E.D.Pa.1988).

20  Similarly, in the United States Supreme Court opinion of *Pennhurst State*

21  *School and Hospital v. Halderman*, 451 U.S. 1, 67 L. Ed. 2d 694, 101 S. Ct. 1531

22  (1981), a case that concluded that the language of 42 USC §6010, a statute setting

23  forth a "bill of rights" for persons with developmental disabilities, was "hortatory,

24  not mandatory" and, thus, not right conferring. 451 U.S. at 24; see also *Id.* at

25  19. ("We are persuaded that §6010, when read in the context of other more specific

26  provisions of the Act, does no more than express a congressional preference for

27  certain kinds of treatment. It is simply a general statement of 'finding' and, as such,

28  is too thin a reed to support the rights and obligations read into it by the court

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

1  below.").

2      With the Supreme Court decision of *Pennhurst State School and Hospital* in

3  mind, *Monahan* reflected: "*Section 10841* [after noting that it was a restatement of

4  §9501] starts out by saying 'it is the sense of Congress' and uses the term 'should'

5  throughout. *Section 6010*, on the other hand, discusses congressional "findings"

6  and alternates between arguably mandatory language ('persons ... have a right'),

7  and language that is clearly precatory ('treatment ... should be designed')." *961 F.2d*

8  at 995 n.8. "Section 10841," the Panel concluded, "uses language even more clearly

9  precatory than §6010, and we agree with the *Brooks* court that *Pennhurst* supports

10  the conclusion that §10841 creates no enforceable federal rights." *Id.* at

11  995 (footnote omitted).

12      Here, as the Supreme Court in *Pennhurst* noted that the "Bill of Rights" stated

13  by Section 6010 was "hortatory, not mandatory", and thus did not create an

14  individual claim for relief, the "obviously precatory language" stated in Section

15  9501 is also was "hortatory, not mandatory" and also does not create an individual

16  claim for relief.

17      As Section 9501 does not create a claim for relief, defendants ST. JOSEPH

18  and MISSION HOSPITAL respectfully request this Court grant this Motion to

19  Dismiss, without leave to amend.

20  **XI.  PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM**

21       **PURSUANT TO 42 USC §2000C (CIVIL RIGHTS ACT OF 1964)**

22      Plaintiff's listing of 42 USC §2000c, et seq. under Introduction of her Second

23  Amended Complaint presumably identifying her claims does not, in fact, provide a

24  viable claim against PROVIDENCE ST. JOSPEH HEALTH or MISSION

25  HOSPITAL as these two defendants are health care providers, not public schools.

26      42 USC §2000c, et seq. deals specifically with the technical aspects of

27  desegregation of public schools and for grant provisions to ensure appropriate

28  training for teachers and administrators in public schools.

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

1   As defendants are not public entities/schools, these provisions are not

2   applicable and plaintiff's claim for relief should be dismissed without leave to

3   amend.

4   **XII. PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM**

5   **PURSUANT TO CALIFORNIA'S UNRUH ACT**

6   Plaintiff's Unruh Civil Rights Act claim fails as it is insufficiently pled as she

7   does not allege affirmative intentional conduct as she must, and instead, relies on

8   inferences unsupported by the facts or law.  The Unruh Civil Rights Act provides

9   that all persons no matter what their sex, race, color, religion, ancestry, national

10  origin, disability, medical condition, genetic information, marital status, or sexual

11  orientation are entitled to the full and equal accommodations, advantages, facilities,

12  privileges, or services in all business establishments of every kind whatsoever."

13  *Civil Code* §51(b).  The facts alleged in a complaint must state a "facially plausible"

14  claim for relief. *Shroyer v. New Cingular Wireless Svcs., Inc.*, 622 F.3d 1035, 1041

15  (9th Cir. 2010).  "To survive a motion to dismiss, a complaint must contain

16  sufficient factual matter, accepted as true, to state a claim to relief that is plausible

17  on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial

18  plausibility when a plaintiff pleads factual content that allows a court to draw a

19  reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The

20  "inquiry is limited to the allegations in the complaint, which are accepted as true

21  and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v.*

22  *Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

23  Here, it seems plaintiff is claiming that the LPS Act "as applied" by ST.

24  JOSEPH and MISSION HOSPITAL is inappropriate or unconstitutional.  However,

25  her Unruh Civil Rights claim still fails as she does not plead affirmative willful

26  misconduct by any defendant against her, and the facts seem to confirm the

27  hospitals, following physician orders as they must, lawfully discharged her.  Any

28  argument to the contrary is simply conclusory and unsupported by the allegations.

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

00206716.1

20

The purpose of the Unruh Act is to compel recognition of the equality of all persons in the right to the particular service offered by an organization or entity covered by the act. *Ramirez v. Wong*, 188 Cal.App.4th 1480, 1485 (2010). The Act focuses on discriminatory behavior by business establishments. *Gatto v. County of Sonoma*, 98 Cal.App.4th 744, 759 (2002). Except for persons proceeding under the Unruh Act for violations of the American Disability Act, a plaintiff must prove intentional discrimination by the defendants and that the motivating reason for defendant's conduct was the plaintiff's claimed status (i.e. gender, disability, sexual orientation). See *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664 (2009); *Cohn v. Corinthian Colleges, Inc.*, 169 Cal.App.4th 523, 528 (2008). In other words, the Unruh Act requires allegations of a defendant's "willful, affirmative misconduct." *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014), quoting *Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824, 853 (2005).

Notably, the Unruh Act "does not extend to practices and policies that apply equally to all persons." *Turner v. Ass'n of Am. Med. Colls.*, 167 Cal.App.4th 1401, 1408 (2008). Here, plaintiff alleges in her Second Amended Complaint that specially appearing defendants apply the LPS Act improperly or in violation of federal statutes as they do not require judicial review prior to discharge. However, she does not allege facts that it was improperly applied to her specifically, but that it was simply overall improperly applied. As the Unruh Act would not extend to defendants ST. JOSEPH and MISSION HOSPITAL's policy or practice of discharging all patients once a physician deems them stable, without judicial review, plaintiff's claim for relief for violation of the Unruh Civil Rights Act, must fail.

As such, defendants, PROVIDENCE ST. JOSEPH HEALTH and MISSION HOSPITAL respectfully request this Court grant this Motion to Dismiss, without leave to amend.

/ / /

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile

NTC OF MOTION & MOTION BY SPECIALLY APPEARING DEFS PROVIDENCE ST. JOSEPH HEALTH & MISSION HOSPITAL TO DISMISS PURSUANT TO FRCP 12(B)(4), 12(B)(5) AND12(B)(6)

1

## XIII. **CONCLUSION**

As a court may dismiss a complaint for failure to state a claim under Federal Rules of *Civil Procedure, Rule* §12(b)(6) when the complaint alleges facts that demonstrate that the complaint is barred as a matter of law (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)), and as plaintiff could not amend her complaint to allege facts which do not provide an individual claim for relief, defendants PROVIDENCE ST. JOSEPH HEALTH and MISSION HOSPITAL respectfully request this Court grant this Motion to Dismiss in its entirety, without leave to amend.

Dated: April 1, 2020          WEST, BORGES & ROSA LLP

By: _____
JOHN E. WEST
LAURA L. STEPHAN
Attorneys for Specially Appearing
for Defendants, PROVIDENCE
ST. JOSEPH HEALTH and
MISSION HOSPITAL
REGIONAL MEDICAL CENTER

WEST, BORGES & ROSA LLP
1301 Dove Street, Suite 700
Newport Beach, California 92660-2470
(949) 208-8070 Office • (949) 208-8075 Facsimile