1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

Melissa Calabrese,

Case No.:  EDCV 19-2492-CBM-(SPx)

12

        Plaintiff,

13

v.

**ORDER RE:  DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

14

State of California et al.,

15
16

        Defendants.

17

        The matter before the Court is Defendants Providence St. Joseph Health

18

("St. Joseph") and Mission Hospital Regional Medical Center's ("Mission

19

Hospital's") (collectively, "Defendants'") Motion to Dismiss Pursuant to FRCP

20

12(b)(4), 12(b)(5) and 12(b)(6) (the "Motion").[1]  (Dkt. No. 44.)  Plaintiff filed a

21

"Response to Defendants' Motion to Dismiss Under FRCP Rules 12(b)(4)(5) &

22

(6)."  (Dkt. No. 51.)

23

## I.    BACKGROUND

24

        The operative complaint alleges Plaintiff was "denied equal protection

25
26

_____

[1] The defendants named in the operative complaint are the State of California, the County of Orange, St. Joseph, Mission Hospital, Brian Choi M.D., Afshin Doust M.D., Tony Chow M.D., Mahdieh Fallahtafti D.O., Lawrence Tucker M.D., and Tara Yuan M.D.   The instant Motion is brought by Defendants Providence St. Joseph Health and Mission Hospital Regional Medical Center.

27
28

under the Defendants' 'as applied' interpretation of the Lanterman Petris Short

(LPS) Act of 1967 (Sections 5150, 5151 and 5152 of the Welfare and Institutions

Code) in a widespread practice known as 'hospital dumping.'"  (Second Amended

Complaint ("SAC") at 1.)  The SAC references "violations" of (1) the 14th

Amendment; (2) the Americans With Disabilities Act ("ADA"); (3) *Omstead v.*

*L.C.*, 527 U.S. 581 (1999); (4) Section 504 of the Rehabilitation Act; (5)

Protection & Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §

10801; (6) "§ 9501 Bill of Rights"; (7) Title IV of the Civil Rights Act, 42 U.S.C.

§ 2000c *et seq*.; and (8) the California Unruh Civil Rights Act.  (*Id.* ¶ 1.)

## II.    STATEMENT OF THE LAW

### A.    Fed. R. Civ. Proc. 12(b)(4) & 12(b)(5)

Pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5), a court may

dismiss a suit for insufficient process and insufficient service of process,

respectively.  Fed. R. Civ. P. 12(b)(4), (5).  "Once service is challenged, [Plaintiff]

bear[s] the burden of establishing that service was valid."  *Brockmeyer v. May*,

383 F.3d 798, 801 (9th Cir. 2004).  Rule 12(b)(4) was designed to "challenge

irregularities in the contents of the summons."  *Chilicky v. Schweiker*, 796 F.2d

1131, 1136 (9th Cir. 1986), *reversed on other grounds by* 487 U.S. 412 (1988).  A

Rule 12(b)(5) motion is used to challenge the mode of delivery or lack of delivery

of the summons and complaint.  *See, e.g., Crane v. Battelle*, 127 F.R.D. 174,177

(S.D. Cal. Aug. 4, 1989).  "Rule 4 is a flexible rule that should be liberally

construed so long as a party receives sufficient notice of the complaint."  *United*

*Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th

Cir. 1984).

### B.    Fed. R. Civ. Proc. 12(b)(6)

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a

claim upon which relief can be granted."  Fed. R. Civ. Proc. 12(b)(6).  Dismissal

of a complaint can be based on either a lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A formulaic recitation of the elements of a cause of action will not suffice.  *Twombly*, 550 U.S. at 555.  Labels and conclusions are insufficient to meet the plaintiff's obligation to provide the grounds of his or her entitlement to relief.  *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008).  The court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

**A.   Insufficient Service and Insufficient Service of Process – Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5)**

Defendants move to dismiss the SAC for insufficient service and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).  The proofs of service filed by Plaintiff (*see* Dkt. Nos. 39, 40) do not list a summons re the SAC being served on Defendants St. Joseph and Mission Hospital.  Therefore, service was insufficient because the summons was not served on Defendants.  *See* Fed. R. Civ. P. 4(h)(1)(B) (A corporation must be served by "delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by

law to receive service of process.").[2]  Moreover, there is no evidence Defendants' registered agent for service of process was served with the summons and SAC.[3] Accordingly, Plaintiff does not satisfy her burden of showing proper service of process on Defendants.  However, Defendants are aware of the SAC and do not demonstrate they have been prejudiced based on Plaintiff's failure to serve Defendants' registered agent of service with a copy of the summons and SAC. Therefore, dismissal pursuant to 12(b)(4) and 12(b)(5) is not warranted here.  *See United Food & Commercial Workers Union*, 736 F.2d at 1382 (noting "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," and finding "the district court was correct in holding that dismissal for insufficiency of process was not justified" where the defendant "failed to present any evidence suggesting that it was prejudiced").

Notwithstanding the above, the Court grants Defendants' Motion to Dismiss for failure to state a claim for the reasons set forth below.

**B.     Failure To State a Claim – Federal Rule of Civil Procedure 12(b)(6)**

**(1)     Lanterman Petris Short Act**

The SAC alleges Plaintiff was "denied equal protection under the Defendants' 'as applied' interpretation of the Lanterman Petris Short (LPS) Act of 1967 (Sections 5150, 5151 and 5152 of the Welfare and Institutions Code) in a widespread practice known as 'hospital dumping.'"  (SAC at 1.)

The Lanterman Petris Short Act ("LPS Act") "governs the involuntary treatment of the mentally ill in California."  *Michelle K. v. Super. Ct.*, 221 Cal. App. 4th 409, 424 (Cal. Ct. App. 2013).  The LPS Act requires judicial review prior to certain involuntary confinements.  *See Taylor v. San Diego Cty.*, 800 F.3d

---

[2] Defense counsel attests Defendants St. Joseph Health and Mission Hospital are not-for profit hospitals, and not public entities.  (Stephan Decl. ¶¶ 2-3.)

[3] Defendants submit copies of filings from the State of California Secretary of State designating "Business Filings Incorporated" as the registered agent for service of process for Defendants.  (Dkt. No. 44-2.)

1164, 1168–69 (9th Cir. 2015); *Michelle K.*, 221 Cal. App. 4th at 425 (citing Cal. Welf. & Inst. Code §§ 5256, 5256.1, 5262, 5270.15, 5275, 5276).  The SAC does not identify any provision of the LPS Act requiring judicial review prior to a patient being discharged from a hospital.  Therefore, the SAC fails to state a claim for violation of the LPS Act.  Accordingly, the Court dismisses Plaintiff's LPA Act claim with prejudice.[4]

### (2)    14th Amendment

The SAC alleges violation of "United States Constitution Fourteenth Amendment." (SAC ¶ 1.)[5]  Plaintiff does not allege Defendants St. Joseph and Mission Hospital are governmental actors or acted in concert with governmental actors.  *See Bradford v. Union Pac. R. Co.*, 767 F.3d 865, 870 (9th Cir. 2014) (The "Fourteenth amendment[] appl[ies] only to governmental action, and not to private action.").[6]  Moreover, the only lack of "process" alleged in the SAC is the alleged lack of "judicial review" prior to Plaintiff's discharges from the hospitals.  (*Id.* ¶¶ 18-21, 25.)  The SAC does not identify any statute requiring judicial review prior to Plaintiff being discharged from the hospital, and the LPS Act does not so require.  Therefore, Plaintiff fails to state a claim against Defendants for violation of the 14th Amendment.  Accordingly, the Court dismisses Plaintiff's 14th Amendment claim.[7]

---

[4] Because the LPS Act does not require judicial review prior to a patient's discharge, leave to amend would be futile.

[5] There are no other references to the 14th Amendment in the SAC.

[6] *See also Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 844 (9th Cir. 1999) (affirming dismissal of First Amendment claim against private hospital for failure to state a claim because the hospital was a private entity, not a governmental actor, and the plaintiff did not allege "some willful participation in a joint activity by the private entity and the government"); *Briley v. State of Cal.*, 564 F.2d 849, 855–56 (9th Cir. 1977); *Ascherman v. Presbyterian Hosp. of Pac. Med. Ctr., Inc.*, 507 F.2d 1103, 1105 (9th Cir. 1974).

[7] It appears to the Court Plaintiff's basis for her 14th Amendment claim is that she did not receive judicial review prior to being discharged from the hospital. Plaintiff cannot state a 14th Amendment due process claim on this basis as a matter of law.  However, the Court gives leaves to amend to the extent Plaintiff can allege some other due process not provided that may serve as the basis for her

1

**(3)     ADA and *Omstead v. L.C.*, 527 U.S. 581 (1999)**

2

The SAC alleges violation of the ADA, 42 U.S.C. § 12131 *et seq.* and

3

"violation" of *Omstead v. L.C.*, 527 U.S. 581 (1999).  (SAC ¶ 1.)  Title II of the

4

ADA, 42 U.S.C. § 12131 *et seq.*, prohibits public entities from excluding a

5

qualified individual with a disability from participation in or denying benefits of

6

the public entities service, programs, or activities, or subjecting such an individual

7

to discrimination.  42 U.S.C. § 12132.  Public entities are defined as "(A) any

8

State or local government; (B) any department, agency, special purpose district, or

9

other instrumentality of a State or States or local government; and (C) the National

10

Railroad Passenger Corporation, and any commuter authority."  42 U.S.C. §

11

12131.  In *Omstead*, the Supreme Court held "under Title II of the ADA, States

12

are required to provide community-based treatment for persons with mental

13

disabilities when the State's treatment professionals determine that such

14

placement is appropriate, the affected persons do not oppose such treatment, and

15

the placement can be reasonably accommodated, taking into account the resources

16

available to the State and the needs of others with mental disabilities."  527 U.S. at

17

607.

18

Here, the SAC does not allege Defendants are public entities, and thus fails

19

to state facts demonstrating Title II of the ADA applies to Defendants.  *See Green*

20

*v. City of New York,* 465 F.3d 65, 79 (2nd Cir. 2006) (holding private hospital was

21

not an "instrumentality" of a local government, reasoning "instrumentality" as

22

used in Title II of the ADA means the entity "must somehow belong to the

23

government or have been created by it").[8]  Because *Omstead* addresses a state's

24

obligations under the Title II of the ADA regarding providing community-based

25

treatment, Plaintiff also fails to state a claim for "violation" of *Omstead*.

26

_____

14th Amendment claim.

27

[8] *See also Wallace v. Pierce Cty. Sheriff's Dep't*, 2019 WL 2141640, at *4 (W.D.
Wash. May 16, 2019); *Tater-Alexander v. Amerjan*, 2008 WL 961233, at *6 (E.D.

28

Cal. Apr. 8, 2008).

Accordingly, the Court dismisses Plaintiff's claims against Defendants for "violation" of the ADA and *Omstead v. L.C.*, 527 U.S. 581 (1999).

### (4)     Section 504 of the Rehabilitation Act

The SAC alleges violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  (SAC ¶ 1.)  Section 794 provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794.  To state a claim for violation of Section 504 of the Rehabilitation Act, Plaintiff must allege:  (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit; (3) she was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.  *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  Although the SAC alleges Plaintiff is "mentally ill" and suffers from "schizoaffective/bipolar disorder"  (SAC ¶ 5), Plaintiff fails to allege she was qualified to receive any benefit, that Defendants denied her benefits based on her disability, or that Defendants receive federal financial assistance for their program. Therefore, Plaintiff fails to state a claim against Defendants for violation of Section 504 of the Rehabilitation Act.  Accordingly, Plaintiff's Section 504 Rehabilitation Act claim is dismissed.

### (5)     Protection & Advocacy for Individuals with Mental Illness Act, 42 U.S.C. § 10801

The SAC alleges violation of the Protection & Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C. § 10801.  (SAC ¶ 1.)  Section 10801 provides the two purposes of the PAIMI Act are:

> (1) to ensure that the rights of individuals with mental illness are protected; and

7

(**2**) to assist States to establish and operate a protection and advocacy system for individuals with mental illness which will--

(**A**) protect and advocate the rights of such individuals through activities to ensure the enforcement of the Constitution and Federal and State statutes; and

(**B**) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred.

42 U.S.C. § 10801.  Section 10801 does not set forth any requirements or prohibitions.  Moreover, the PAIMI Act "does not . . . provide for a private right of action for an individual."  *Miesegaes v. Allenby*, 2017 WL 10562958, at *11 (C.D. Cal. Dec. 29, 2017), *report and recommendation adopted*, 2018 WL 1033220 (C.D. Cal. Feb. 22, 2018).[9]  Accordingly, the Court dismisses Plaintiff's PAIMI Act claim with prejudice.

(**6**)     **"§ 9501 Bill of Rights"**

The SAC alleges violation of "§ 9501 Bill of Rights."  (SAC ¶ 1.) Presumably, this allegation refers to 42 U.S.C. § 9501, known as the Mental Health Bill of Rights, which provides:

It is the sense of the Congress that each State should review and revise, if necessary, its laws to ensure that mental health patients receive the protection and services they require; and in making such review and revision should take into account the recommendations of the President's Commission on Mental Health and [certain recommendations specified in the statute].

42 U.S.C. § 9501.  Section 9501 refers to recommendations for States and does not set forth any requirements or prohibitions with respect to private parties.  *See Croft v. Harder*, 730 F. Supp. 342, 351 (D. Kan. 1989), *aff'd,* 927 F.2d 1163 (10th Cir. 1991) ("[T]he Mental Health Bill of Rights, 42 U.S.C. § 9501, creates no substantive federal rights" because it "contains only hortatory language").[10]

---

[9] *Accord Brown v. Semple*, 2016 WL 4408985, at *3 (D. Conn. Aug. 16, 2016); *Jennings v. Bennett*, 2017 WL 3712176, at *12 (W.D. Mich. Aug. 29, 2017).

[10] *Accord Perkins v. Princeton Cmty. Hosp.*, 2017 WL 3122564, at *2 (S.D.W. Va. July 21, 2017); *Smith v. Au Sable Valley Cmty. Mental Health Servs.*, 431 F. Supp. 2d 743, 750 (E.D. Mich. 2006); *Nat'l All. of Mentally Ill of Essex v. Essex*

8

Therefore, Plaintiff cannot bring a claim against Defendants for violation of 42 U.S.C. § 9501.  Accordingly, the Court dismisses Plaintiff's claim for violation of 42 U.S.C. § 9501 with prejudice.

### (7)  Title IV of the Civil Rights Act, 42 U.S.C. § 2000c *et seq.*

The SAC alleges violation of Title IV of the Civil Rights Act, 42 U.S.C. § 2000c *et seq*. (SAC ¶ 1.)  42 U.S.C. § 2000c *et seq*. addresses desegregation of public schools. The SAC does not allege Defendants are public schools nor allege any facts regarding desegregation.  Rather, Plaintiff alleges Defendant St. Joseph is in the business of operating a health care facility, and Defendant Mission Hospital is a hospital.  (SAC ¶ 8.)  Therefore, Plaintiff fails to state a claim against Defendants for violation of 42 U.S.C. § 2000c *et seq*.  Accordingly, the Court dismisses Plaintiff's claim for violation of 42 U.S.C. § 2000c *et seq*. with prejudice.[11]

### (8)  Unruh Civil Rights Act

The SAC alleges violation of the California Unruh Civil Rights Act ("Unruh Act").  (SAC ¶ 1.)  The Unruh Act provides:

> All persons within the jurisdiction of this state are free and equal, no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b).  "By its terms, the Unruh Act does not extend to practices and policies that apply equally to all persons."  *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014).

---

*Cty. Bd. of Freeholders*, 91 F. Supp. 2d 781, 786 (D.N.J. 2000); *see also Pennhurst State Sch. and Hosp. v. Halderman*, 451 U.S. 1 (1981) ("bill of rights" for persons with developmental disabilities set forth in 42 U.S.C. § 6010 was "hortatory, not mandatory," and did not create any substantive rights for persons with developmental disabilities).

[11] Leave to amend would be futile because as alleged in the Complaint, Defendants are not public schools.

9

"[T]he Unruh Act contemplates willful, affirmative misconduct on the part of those who violate the Act," and "a plaintiff must therefore allege, and show, more than the disparate impact of a facially neutral policy." *Id.*

Here, Plaintiff fails to state a claim for violation of the Unruh Act because the SAC does not allege any willful, affirmative conduct by Defendants nor identify what accommodation, advantages, facilities, privileges or services were denied by Defendants based on Plaintiff's disability. Therefore, the Court dismisses Plaintiff's Unruh Act claim.

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claims against Defendants for violation of the Lanterman Petris Short Act, 42 U.S.C. § 10801 of the Protection & Advocacy for Individuals with Mental Illness Act, "§ 9501 Bill of Rights," and Title IV of the Civil Rights Act, 42 U.S.C. § 2000c *et seq*., are dismissed with prejudice. Plaintiff's 14th Amendment, ADA, Section 504 of the Rehabilitation Act, and Unruh Act claims are dismissed with leave to amend.

To the extent Plaintiff seeks to file an amended complaint to plead additional facts addressing the deficiencies set forth in this Order as to Plaintiff's 14th Amendment, ADA, Section 504 of the Rehabilitation Act, and Unruh Act claims, Plaintiff may file an amended complaint **no later than June 16, 2020**. If Plaintiff files an amended complaint, the amended complaint and summons shall be properly served on Defendants in accordance with applicable rules.

**IT IS SO ORDERED.**

DATED:  June 1, 2020.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE