UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 19-2492-CBM (SPx) | Date | June 19, 2020 |
|---|---|---|---|

Title   *Melissa Calabrese v. State of California et al.*

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| DAISY ROJAS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   **IN CHAMBERS- ORDER RE: REQUEST FOR SERVICE BY MARSHAL PURSUANT TO FED. R. CIV. P. 4(C)(3) AND 28 U.S.C. § 1915(D) [48]; MOTION FOR COURT-ASSIGNED PRO BONO COUNSEL [45]; AND DECLARATION OF DOROTHY CALABRESE, M.D. [46]**

Pending before the Court are the following matters filed by Dorothy Calabrese, M.D. ("Petitioner"), on behalf of Plaintiff Melissa Calabrese: (1) Request for Service by Marshal Pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d); (2) Motion for Court-Assigned Pro Bono Counsel; and (3) Declaration of Dorothy Calabrese, M.D., requesting "appointment as Next Friend when Plaintiff has been assigned pro bono counsel." (Dkt. Nos. 45, 46, 48.)

Plaintiff proceeds in this action pro se. However, the pending matters were filed and signed by Dorothy Calabrese, a non-lawyer.[1] Neither Plaintiff nor Dorothy Calabrese are represented by counsel, and Dorothy Calabrese cannot represent Plaintiff. *See* Local Rule 83-2.2.1 ("Any person representing himself or herself in a case without an attorney must appear *pro se* for such purpose. That representation may not be delegated to any other person -- even a spouse, relative, or co-party in the case. A non-attorney guardian for a minor or incompetent person must be represented by counsel.").

Furthermore, "[a]s a general proposition, a civil litigant has no right to counsel." *Olson v. Smith*, 609 F. App'x 370, 372 (9th Cir. 2015) (citing *Lassiter v. Dept. of Social Servs. of Durham Cty.,* 452 U.S. 18 (1981); *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981)). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Id.* (citing *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman,* 545 U.S. 1128

---

[1] As set forth in the Court's January 17, January 31, and February 10, 2020 orders, there is no evidence demonstrating Dorothy Calabrese is an attorney or represented by an attorney and therefore she cannot represent Plaintiff. (*See* Dkt. Nos. 16, 17, 23 (citing *Roe v. Suter*, 165 F.3d 917 (9th Cir. 1998) (a "next friend" who is neither an attorney nor represented by one may not bring a lawsuit on behalf of minor or incompetent plaintiffs).)

(2005)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id*. (citing *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)). Here, Plaintiff has not demonstrated a likelihood of success on the merits[2] or that complexity of legal issues involved constitute exceptional circumstances for appointment of counsel.

Accordingly, the requested matters are **DENIED** without prejudice.

**IT IS SO ORDERED.**

---

[2] On June 1, 2020, the Court granted Defendants' Providence St. Joseph Health and Mission Hospital Regional Medical Center's Motion to Dismiss Complaint with leave to amend no later than June 16, 2020. (Dkt. No. 71.) To date, no amended complaint has been filed.

| | | |
|---|---|---|
| CV-90 (12/02) | **CIVIL MINUTES - GENERAL** | 00 : 00<br>Initials of Deputy Clerk  DR |