JOHN E. WEST, Bar No.: 89809
E-Mail: jwest@wbrllp.com
ELIZABETH D. AMMANN, Bar No.: 283756
E-Mail: eammann@wbrllp.com
**WEST, BORGES & ROSA LLP**
1301 Dove Street, Suite 700
Newport Beach, CA 92660-2470
Telephone: (949) 208-8070
Facsimile: (949) 208-8075

Attorneys for Defendants Providence St. Joseph Health and Mission Hospital

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA CALABRESE, | CASE NO.: 5:19-cv-02492-CBM-SP |
| Plaintiff, | JUDGE CONSUELO B. MARSHALL |
| v. | **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO PROSECUTE (FEDERAL RULES OF CIVIL PROCEDURE 41(b)); MEMORANDUM OF POINTS AND AUTHORITIES** |
| STATE OF CALIFORNIA, COUNTY OF ORANGE, PROVIDENCE ST. JOSEPH HEALTH AND MISSION HOSPITAL REGIONAL MEDICAL CENTER, | |
| Defendants. | Complaint Filed: December 27, 2019<br>Trial Date: Unassigned<br><br>DATE: September 1, 2020<br>TIME: 10:00 a.m.<br>COURTROOM: 8B, 8th Floor |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 1, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8B on the 8th Floor of the above-entitled Court located at 350 W. 1st Street, Los Angeles, California 90012, defendants Providence St. Joseph Health and Mission Hospital will hereby move the Court to dismiss this action pursuant to Federal Rules of Civil Procedure 41(b) for plaintiff's failure to prosecute.

///

Pursuant Local Rule 16-12[c], counsel was not required to meet and confer prior to the filing of this motion as plaintiff is in *pro se* and is not an attorney. This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Declaration of Elizabeth D. Ammann, served and filed herewith, upon the pleadings and papers filed in this action, as well as further oral and/or written material as the Court may allow at the hearing of this Motion.

Dated: July 21, 2020

WEST, BORGES & ROSA LLP

By: /s/ *Elizabeth D. Ammann*
JOHN E. WEST
ELIZABETH D. AMMANN
Attorneys for Defendants
Providence St. Joseph Health and Mission Hospital

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PERTINENT FACTS

This action was filed on December 27, 2019 by Dorothy Calabrese, M.D. (a non-attorney) as Next Friend for plaintiff Melissa Calabrese. (Docket No. 2.) On January 2, 2020, Dr. Calabrese filed a petition to be appointed as Next Friend for Melissa Calabrese. (Docket No. 15.) The Petition was denied on January 17, 2020. (Docket No. 16.) Pursuant to this Court's January 17, 2020 Order, plaintiff was to obtain counsel and notify the Court of such counsel by or before February 17, 2020. As the Court pointed out in its Order, failure to obtain counsel could result in a dismissal of the action without prejudice. (*Roe v. Suter*, 165 F.3d 917 (9th Cir. 1998) [holding that the dismissal of an action without prejudice was proper where next friend was neither an attorney nor represented by counsel.].)

Instead of obtaining counsel, on February 10, 2010, plaintiff Melissa Calabrese filed a First Amended Complaint, in *pro se*. (Docket No. 26.) Then, on March 17, 2020, Dr. Dorothy Calabrese filed a Second Amended Complaint as "Proposed" Next of Friend on behalf of plaintiff. In response to the Second Amended Complaint, defendants Providence St. Joseph Health and Mission Hospital filed a Rule 12(b) Motion to Dismiss. (Dkt. 44.)

On June 1, 2020 the Motion to Dismiss was granted pursuant to Federal Rule of Civil Procedure 12(b)(6). All of the causes of action alleged against defendants Providence St. Joseph Health and Mission Hospital in the Second Amended Complaint were ruled dismissed, either with or without prejudice. Thus, while some causes of action were dismissed with prejudice, plaintiff was given leave to file an amended complaint regarding several other causes of action. (Dkt. No. 71.) (Ammann decl. ¶ 3.)

Pursuant to the Court's Order, the deadline for Plaintiff to file her Third Amended Complaint was June 16, 2020. Instead of obtaining counsel and filing a

Third Amended Complaint, Dr. Calabrese filed a Petition for Appointment of Counsel. On June 19, 2020, the Court denied Petitioner's request. (Dkt. No. 76.) Plaintiff still has not obtained counsel nor filed a Third Amended Complaint. (Ammann decl. ¶¶ 5-6.) Since the June 1, 2020 Court Order granted defendant's Rule 26(b) Motion as to all causes of action alleged, absent an amended complaint, there are no remaining causes of action against defendants. Thus, without a Third Amended Complaint, there is no case for plaintiff to prosecute. Since plaintiff has failed to amend the Complaint, obtain an attorney, serve the remaining defendants, or otherwise move forward with the case, defendants Providence St. Joseph Health and Mission Hospital respectfully request the Court dismiss the action under Federal Rules of Civil Procedure section 41(b). (Ammann decl. ¶ 4.)

## II.
## THE COURT MAY DISMISS AN ACTION FOR THE FAILURE TO TIMELY PROSECUTE

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it…" Under Local Rule 41-1, "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." Thus, this Court has the inherent power to dismiss actions for the failure to prosecute in order "to achieve the orderly and expeditious disposition of cases." (F.R.C.P. § 41(b); *Link v. Wabash Railroad Co.*, (1962) 370 U.S. 626, 630-632 [affirming the dismissal of the plaintiff's action for failure to meet at a pre-trial conference scheduled by the Court].)

Rule 41(b) specifically provides that the failure to prosecute is grounds for an involuntary dismissal of the action. The courts have read this rule to require prosecution with "reasonable diligence if a plaintiff is to avoid dismissal." (*Anderson v. Air West, Inc.* 542 F.2d 522, 524 (9th Circuit 1976).) Thus, the failure

to diligently prosecute justifies a dismissal, even in the absence of a showing of actual prejudice to the defendant as "[t]he law presumes injury from unreasonable delay." (*Id.* at 524.)

On January 17, 2020, this Court ordered Petitioner to obtain counsel and notify the Court of such counsel by February 17, 2020. More than five months have passed since the February 17, 2020 deadline, and yet, Petitioner has still not obtained counsel. Additionally, pursuant to the Court's June 1, 2020 Order, if plaintiff was inclined to continue the prosecution of this matter, then she was to file a Third Amended Complaint by June 16, 2020. More than a month has passed since the June 16, 2020 deadline, and yet, a Third Amended Complaint has not been filed. The failure to obtain counsel, in combination with the failure to file a Third Amended Complaint, and the failure to serve all defendants, establishes that plaintiff does not intend to move forward with her case.

## III.

## CONCLUSION

Plaintiff failed to comply with a Court order to obtain counsel, failed to serve all defendants, and failed to file a Third Amended Complaint. As such, defendants Providence St. Joseph Health and Mission Hospital respectfully request the Court dismiss the action pursuant to Rule 41(b).

Dated: July 21, 2020                WEST, BORGES & ROSA LLP

                                    /s/ *Elizabeth D. Ammann*
                                    By:_____
                                    JOHN E. WEST
                                    ELIZABETH D. AMMANN
                                    Attorneys for Defendants
                                    Providence St. Joseph Health and Mission Hospital

## DECLARATION OF ELIZABETH D. AMMANN

1. I am an attorney licensed to practice before all the courts in the State of California, and I am an attorney in the law offices of West, Borges & Rosa LLP, counsel of records for defendants Providence St. Joseph Health and Mission Hospital.

2. The following statements are made of my own personal knowledge and, if called as a witness, I could and would competently testify thereto.

3. On June 1, 2020, Providence St. Joseph Health and Mission Hospital's Motion to Dismiss was granted pursuant to Federal Rule of Civil Procedure 12(b)(6). All of the causes of action alleged against defendants Providence St. Joseph Health and Mission Hospital in the Second Amended Complaint were ruled dismissed, either with or without prejudice. Thus, while some causes of action were dismissed with prejudice, plaintiff was given leave to file an amended complaint regarding several other causes of action.

4. Plaintiff has not filed proofs of service showing that the remaining defendants were properly served.

5. Defendants Providence St. Joseph Health and Mission Hospital have not received noticed that plaintiff obtained an attorney.

6. Defendants Providence St. Joseph Health and Mission Hospital have not been served a Third Amended Complaint.

7. Pursuant to Local Rule 12-12[c], I did not attempt to meet and confer with plaintiff prior to the filing of this motion as plaintiff is in *pro se* and not an attorney.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing statements are true and correct. Executed this 22nd day of July, 2018, at Newport Beach, California.

/s/ Elizabeth D. Ammann
ELIZABETH D. AMMANN, declarant