UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV19-2492-CBM-(SPx) | Date | August 24, 2020 |
| Title | *Melissa Calabrese v. State of California et al.* | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   **IN CHAMBERS- ORDER RE: DEFENDANTS' MOTION TO DISMISS [77] FOR FAILURE TO PROSECUTE AND ORDER TO SHOW CAUSE**

The matter before the Court is Defendants Providence St. Joseph Health and Mission Hospital's (collectively, "Defendants") "Motion to Dismiss for Failure to Prosecute (Federal Rule of Civil Procedure 41(b))" (the "Motion"), noticed for hearing on September 1, 2020. (Dkt. No. 77.)

The Second Amended Complaint alleges Plaintiff was "denied equal protection under the Defendants' 'as applied' interpretation of the Lanterman Petris Short (LPS) Act of 1967 (Sections 5150, 5151 and 5152 of the Welfare and Institutions Code) in a widespread practice known as 'hospital dumping.'"  (Second Amended Complaint ("SAC") at 1.)   The SAC references "violations" of (1) the 14th Amendment; (2) the Americans With Disabilities Act ("ADA"); (3) Omstead v. L.C., 527 U.S. 581 (1999); (4) Section 504 of the Rehabilitation Act; (5) Protection & Advocacy for Individuals with Mental Illness Act, 42 U.S.C. § 10801; (6) "§ 9501 Bill of Rights"; (7) Title IV of the Civil Rights Act, 42 U.S.C. § 2000c et seq.; and (8) the California Unruh Civil Rights Act ("Unruh Act"). (*Id.* ¶ 1.)

On June 1, 2020, the Court granted Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Order").  (Dkt. No. 71.)   The Court dismissed Plaintiff's claims against Defendants for violation of the Lanterman Petris Short Act, 42 U.S.C. § 10801 of the Protection & Advocacy for Individuals with Mental Illness Act, "§ 9501 Bill of Rights," and Title IV of the Civil Rights Act, 42 U.S.C. § 2000c *et seq.*, with prejudice; and dismissed Plaintiff's 14th Amendment, ADA, Section 504 of the Rehabilitation Act, and Unruh Act claims with leave to amend.  (*Id.*)   The Court stated in its order:   "To the extent Plaintiff seeks to file an amended complaint to plead additional facts

addressing the deficiencies set forth in this Order as to Plaintiff's 14th Amendment, ADA, Section 504 of the Rehabilitation Act, and Unruh Act claims, Plaintiff may file an amended complaint no later than June 16, 2020. If Plaintiff files an amended complaint, the amended complaint and summons shall be properly served on Defendants in accordance with applicable rules."  (*Id*.)   No amended complaint was filed by Plaintiff.

On July 22, 2020, Defendants filed the instant Motion to dismiss for failure to prosecute.  (Dkt. No. 77.)   Plaintiff's opposition to the Motion was due on August 11, 2020 (*see* Local Rule 7-9), but no opposition was filed.

Plaintiff shall file an opposition or notice of non-opposition to the Motion **no later than September 8, 2020**.  The filing of an amended complaint addressing the deficiencies set forth in the Court's Order as to Plaintiff's 14th Amendment, ADA, Section 504 of the Rehabilitation Act, and Unruh Act claims, shall constitute a proper response to the Motion.   Plaintiff's failure to file a response to the Motion by September 8, 2020, shall result in dismissal of Defendants from this action.

Defendants may file a reply to Plaintiff's response to the Motion **no later than September 15, 2020.**   The hearing on the Motion is continued from September 1, 2020 to **October 6, 2020 at 10:00 a.m.**   Therefore, no appearances are necessary on September 1, 2020.

In the Court's June 19, 2020 order denying Plaintiff's Request for Service by Marshal Pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), Motion for Court-Assigned Pro Bono Counsel, and Dorothy Calabrese's request for "appointment as Next Friend when Plaintiff has been assigned pro bono counsel," the Court found Plaintiff has failed to demonstrate a likelihood of success on the merits. (Dkt. No. 76.)   The SAC also names State of California, County of Orange, Brian Choi M.D., Tony K. Chow M.D., Afshin Doust M.D., Mahdieh Fallahtafti D.O., Lawrence V. Tucker M.D., and Tara Yuan M.D., as defendants.   Therefore, Plaintiff is **ORDERED TO SHOW CAUSE in writing no later than September 8, 2020,** why Plaintiff's claims as to these named defendants should not be dismissed for failure to state a claim.   A failure by Plaintiff to file a response to this order to show cause by September 8, 2020, shall result in dismissal of this action as to these named defendants.

**IT IS SO ORDERED.**