UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV19-2492-CBM-(SPx) | Date | September 8, 2020 |
| Title | *Melissa Calabrese v. State of California et al.* | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   **IN CHAMBERS- ORDER RE: PLAINTIFF'S "EX PARTE FOR SUBSTITUTION OF PLAINTIFF AND PERMISSION TO FILE A THIRD AMENDED COMPLAINT"**

The matter before the Court is Plaintiff's "Ex Parte For Substitution of Plaintiff and Permission to File a Third Amended Complaint." (Dkt. Nos. 82, 83 (the "Application").) Defendants Providence St. Joseph Health and Mission Hospital filed an opposition to the Application. (Dkt. No. 84.)

On June 1, 2020, the Court granted Defendants Providence St. Joseph Health and Mission Hospital's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Order"). (Dkt. No. 71.) The Court dismissed Plaintiff's claims against Defendants for violation of the Lanterman Petris Short Act, 42 U.S.C. § 10801 of the Protection & Advocacy for Individuals with Mental Illness Act, "§ 9501 Bill of Rights," and Title IV of the Civil Rights Act, 42 U.S.C. § 2000c *et seq.*, with prejudice; and dismissed Plaintiff's 14th Amendment, ADA, Section 504 of the Rehabilitation Act, and Unruh Act claims with leave to amend. (*Id.*) The Court stated in its order: "To the extent Plaintiff seeks to file an amended complaint to plead additional facts addressing the deficiencies set forth in this Order as to Plaintiff's 14th Amendment, ADA, Section 504 of the Rehabilitation Act, and Unruh Act claims, Plaintiff may file an amended complaint no later than June 16, 2020. If Plaintiff files an amended complaint, the amended complaint and summons shall be properly served on Defendants in accordance with applicable rules." (*Id.*) No amended complaint was filed by Plaintiff.

Currently pending before the Court is Defendants Providence St. Joseph Health and Mission Hospital's Motion to dismiss the action for failure to prosecute. (Dkt. No. 77 (the "Motion").) Plaintiff did not file an opposition to the Motion. On August 24, 2020, the Court ordered Plaintiff to file an opposition or notice of non-opposition to the Motion no later than September 8, 2020, and notified Plaintiff that a failure to file a response to the Motion by that date shall result in dismissal of Defendants Providence St. Joseph Health and Mission Hospital from this action. (Dkt. No. 81.) The Court also ordered Plaintiff to show cause, in writing, no later than September 8, 2020, why Plaintiff's claims as to Defendants State of California, County of Orange, Brian Choi M.D., Tony K. Chow M.D., Afshin Doust M.D., Mahdieh Fallahtafti D.O., Lawrence V. Tucker M.D., and Tara

Yuan M.D. should not be dismissed for failure to state a claim, and notified Plaintiff that a failure to file a response to the order to show cause by that date shall result in dismissal of this action as to these defendants. (*Id.*)

Plaintiff has not filed a response to Defendants' Motion or the Court's order to show cause. Instead, Plaintiff filed the instant Application. Plaintiff's Application states: "In 2019, during the events in this case, my mother Dorothy Calabrese M.D. was my Riverside County temporary conservator at my request," and requests that her mother "replace" her "as the Plaintiff in this case and be allowed to file an amended complaint." A declaration of Dorothy Calabrese, M.D., is attached to the Application, wherein Dorothy Calabrese declares she was the Riverside County Probate Court appointed temporary conservator of Melissa Calabrese from February 14, 2019 to July 24, 2020. Dorothy Calabrese further declares: "As [Plaintiff's] temporary conservator during the relevant period of discrimination, I have standing to be the Pro Se plaintiff in this case." However, the declaration also provides that the temporary conservatorship was "dismiss[ed]" on or about July 24, 2020. The Complaint was filed December 27, 2019, after the temporary conservatorship was "dismissed." Therefore, the "dismiss[ed]" conservatorship cannot be the basis for replacing Dorothy Calabrese as plaintiff in this action. *See Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 839 (9th Cir. 2007) ("Standing must exist at the time the action is filed.").

Moreover, a plaintiff must demonstrate a concrete "injury in fact" to establish Article III standing. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771, 120 S. Ct. 1858, 1861, 146 L. Ed. 2d 836 (2000). "[T]he Art. III judicial power exists only to redress or otherwise to protect against injury *to the complaining party*." *Id*. (emphasis in original). Here, Dorothy Calabrese fails to demonstrate any alleged injury to herself as required to establish Article III standing in this case. To the extent Dorothy Calabrese seeks to assert her own claims against Defendants, she can file a separate lawsuit.

Accordingly, Plaintiff's Application is **DENIED**.

The September 8, 2020 deadline set forth in the Court's August 24, 2020 order (Dkt. No. 81) for Plaintiff to file an opposition or notice of non-opposition to Defendants' Motion to dismiss the action for failure to prosecute and file a response to the Court's order to show cause re: dismissal of this action, remains in full force and effect. Plaintiff's failure to file a response to the Motion and the order show cause by September 8, 2020, shall result in dismissal of this action.

**IT IS SO ORDERED.**