UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-02492-CBM (SP) | Date | November 8, 2021 |
|---|---|---|---|
| Title | Melissa Calabrese v. State of California, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Granting Motion for Appointment of Guardian Ad Litem Conditioned on Retention of Counsel [114]

On August 26, 2020, pro se plaintiff Melissa Calabrese filed an application to permit her mother, Dorothy Calabrese, M.D., to replace her as a plaintiff in this action. That application was supported by a Declaration of Dorothy Calabrese attesting to plaintiff's lifelong mental disability and incompetence to represent herself in court. The court denied the application on September 8, 2020, noting Dorothy Calabrese's lack of standing to serve as a plaintiff in this action.

On August 20, 2021, the Ninth Circuit Court of Appeals vacated the judgment in this case and remanded for this court to consider whether plaintiff should be appointed a guardian ad litem. Following remand, on October 5, 2021, plaintiff filed a motion for the appointment of her mother Dorothy Calabrese, M.D. as her guardian ad litem (docket no. 114). Having considered this motion in conjunction with the information provided in the August 2020 Declaration of Dorothy Calabrese, the court now GRANTS the motion, on the condition set forth below.

A standing issue remains given that neither plaintiff nor Dorothy Calabrese is represented by counsel. "It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (citing *McShane v. U.S.*, 366 F.2d 286, 288 (9th Cir. 1966)). In short, pro se litigants have no authority to represent anyone other than themselves. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (parent cannot bring action on behalf of minor without retaining counsel); *Cato v. U.S.*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney may only appear in her own behalf). As such, Dorothy Calabrese does not have standing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-02492-CBM (SP) | Date | November 8, 2021 |
|---|---|---|---|
| Title | Melissa Calabrese v. State of California, et al. | | |

to vicariously assert claims on behalf of plaintiff. *See Johns*, 114 F.3d at 876 ("constitutional claims are personal and cannot be asserted vicariously") (citation omitted); *see also* Fed. R. Civ. Proc. § 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").

The Ninth Circuit has squarely held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns*, 114 F.3d at 877; *accord Jie Lin v. Ashcroft*, 377 F.3d 1014, 1025 (9th Cir. 2004). The same principle applies here, where Dorothy Calabrese has been conditionally appointed guardian ad litem after attesting to plaintiff's incompetence. *See Johns*, 114 F.3d at 876-77 (agreeing with Third Circuit that "'it is not in the interest of minors or incompetents that they be represented by non-attorneys'") (citation omitted). Consequently, this court's Local Rules require that "[a] non-attorney guardian for a minor or incompetent person must be represented by counsel." L.R. 83-2.2.1.

For the foregoing reasons, Dorothy Calabrese is hereby appointed as guardian ad litem to prosecute the claims of Melissa Calabrese in this action, on the following condition: within 21 days, that is, by **November 29, 2021**, Dorothy Calabrese must retain counsel, and by that date also, the attorney must file a notice of appearance in this case.