**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Melissa Calabrese,<br><br>    Plaintiff,<br><br>v.<br><br>State of California *et al.*,<br><br>    Defendants. | Case No.: CV 19-2492-CBM-(SPx)<br><br>**ORDER RE: REQUEST FOR APPOINTMENT OF COUNSEL AND MOTION FOR 1) GUARDIAN AD LITEM TO BE PRO SE UNDER FRCP 17(C)(2) WITH L.R. 83-2.2 WAIVED OR AMENDED; 2) AMENDED COMPLAINT FILING DEADLINE BE MODIFIED; 3) IFP MARSHALL SERVICE; 4) PSJH RELEASE OF COMPLETE MEDICAL RECORDS [144][150]** |

Pending before the Court are the Guardian Ad Litem Dorothy Calabrese's (hereinafter, the "Guardian's") Request for Appointment of Counsel (Dkt. No. 144) and Motion for 1) Guardian Ad Litem to Be Pro Se Under FRCP 17(c)(2) with L.R. 83-2.2 Waived or Amended; 2) Amended Complaint Filing Deadline Be Modified; 3) IFP Marshall Service; and 4) PSJH Release of Complete Medical Records (Dkt. No. 150).

## I. BACKGROUND

Plaintiff filed the Complaint in this action on December 27, 2019. (Dkt.

1

No. 2.) On January 2, 2020, the Court granted Plaintiff's Request to Proceed in Forma Pauperis. (Dkt. No. 8.) Plaintiff filed a first amended complaint on January 31, 2020 as a matter of right. (Dkt. No. 18.)

On March 17, 2020, Plaintiff filed a Second Amended Complaint which alleged Plaintiff was "denied equal protection under the Defendants' 'as applied' interpretation of the Lanterman Petris Short (LPS) Act of 1967 (Sections 5150, 5151 and 5152 of the Welfare and Institutions Code) in a widespread practice known as 'hospital dumping.'" (Dkt. No. 30, Second Amended Complaint ("SAC") at 1.) The SAC referenced "violations" of (1) the 14th Amendment; (2) the Americans With Disabilities Act ("ADA"); (3) *Omstead v. L.C.*, 527 U.S. 581 (1999); (4) Section 504 of the Rehabilitation Act; (5) Protection & Advocacy for Individuals with Mental Illness Act, 42 U.S.C. § 10801; (6) "§ 9501 Bill of Rights"; (7) Title IV of the Civil Rights Act, 42 U.S.C. § 2000c *et seq*.; and (8) the California Unruh Civil Rights Act. (*Id.* ¶ 1.) On June 1, 2020, the Court granted Defendants St. Joseph Health and Mission Hospital Regional Medical Center's ("Defendants") Motion to Dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissed Plaintiff's claims against Defendants for violation of the Lanterman Petris Short Act, 42 U.S.C. § 10801 of the Protection & Advocacy for Individuals with Mental Illness Act, "§ 9501 Bill of Rights," and Title IV of the Civil Rights Act, 42 U.S.C. § 2000c *et seq*. with prejudice, and dismissed Plaintiff's 14th Amendment, ADA, Section 504 of the Rehabilitation Act, and Unruh Act claims with leave to amend. (Dkt. No. 71.) No amended complaint was filed by Plaintiff.

On June 19, 2020, the Court found Plaintiff had "not demonstrated a likelihood of success on the merits or that complexity of legal issues involved constitute exceptional circumstances for appointment of counsel, and therefore denied without prejudice Dorothy Calabrese's ("Petitioner's") (1) Request for Service by Marshal Pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d);

(2) Motion for Court-Assigned Pro Bono Counsel; and (3) Request for "appointment as Next Friend when Plaintiff has been assigned pro bono counsel." (Dkt. No. 76.)

On September 25, 2020, the Court granted Defendants' Motion to Dismiss for failure to prosecute and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 98 (the "Order").) Plaintiff filed a notice of appeal of the Order on October 21, 2020. (Dkt. No. 100.)

On August 20, 2021, the Ninth Circuit found this Court erred by failing to appoint a guardian ad litem for Plaintiff to protect her interests in the action, vacated the judgment and remanded the matter for further proceedings. (Dkt. No. 105.)

Following remand, Plaintiff filed a motion for appointment of her mother Dorothy Calabrese as her guardian ad litem. (Dkt. No. 114.) On November 8, 2021, the Court granted the motion for appointment of Dorothy Calabrese as guardian ad litem "to prosecute the claims of Melissa Calabrese in this action, on the following condition: within 21 days, that is, by November 29, 2021, Dorothy Calabrese must retain counsel, and by that date also, the attorney must file a notice of appearance in this case." (Dkt. No. 120 (the "November 8, 2021 Order").) On November 16, 2021, Dorothy Calabrese filed a motion for reconsideration of the November 8, 2021 Order, seeking reconsideration of the portion of the order requiring her to retain counsel, stating she has been unable to retain counsel and asking the court to appoint counsel. (Dkt. No. 124.) On December 8, 2021, the Court appointed, with the assistance of the magistrate judge assigned to the case, counsel whose practice area includes civil rights litigation to represent the Guardian. (Dkt. No. 128.)

On December 15, 2021, the Court granted the motion to file a third amended complaint, and ordered a third amended complaint be filed no later than January 18, 2022. (Dkt. No. 133.) On January 18, 2022, the Court granted the

Guardian's ex parte application to extend the deadline to file a third amended complaint to February 17, 2022. (Dkt. No. 135.)

On February 16, 2022, the Guardian filed a declaration requesting appointment of counsel. (Dkt. No. 144.) Appointed counsel filed a motion to withdraw which was granted by the Court on February 22, 2022. (Dkt. No. 145.) On March 7, 2022, the Guardian filed a Motion for 1) Guardian Ad Litem to Be Pro Se Under FRCP 17(c)(2) with L.R. 83-2.2 Waived or Amended; 2) Amended Complaint Filing Deadline Be Modified; 3) IFP Marshall Service; and 4) PSJH Release of Complete Medical Records. (Dkt. No. 150.) The Guardian appeared at the April 12, 2022 hearing on the pending matters. (Dkt. No. 153.)

## II. DISCUSSION

**A.  Appointment of Counsel**

"As a general proposition, a civil litigant has no right to counsel." *Olson v. Smith*, 609 F. App'x 370, 372 (9th Cir. 2015) (citing *Lassiter v. Dept. of Social Servs. of Durham Cty.,* 452 U.S. 18 (1981); *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981)). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Id.* (citing *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman,* 545 U.S. 1128 (2005)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id*. (citing *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).

There is no operative complaint in this action. However, the Court previously dismissed Plaintiff's claims asserted in the SAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 71.) Plaintiff/the Guardian have not demonstrated a likelihood of success on the merits or that complexity of legal issues involved constitute exceptional circumstances

for appointment of counsel.

Notwithstanding the above, the Court previously appointed counsel to represent the Guardian, noting that while there is no constitutional right to appointed counsel in civil actions, "[b]ecause counsel from the law firm of Larson LLP have agreed to serve as pro bono counsel for plaintiff in this case, the court now grants the [Guardian's] motion" to appoint counsel, and appointed Jerry A. Behnke and Catherine Sima Owens from Larson LLP to represent the Guardian in this matter. (Dkt. No. 128.)

On January 20, 2022, a Motion to Be Relieved as Counsel and to Withdraw As Counsel of Record was filed by court appointed counsel for the Guardian. (Dkt. No. 139 (the "Motion to Withdraw").)[1] A hearing on the Motion to Withdraw was held on February 22, 2022, during which court appointed counsel and the Guardian appeared and were heard, and the Guardian represented to the Court she did not object to Motion to Withdraw. (Dkt. No. 146.) The Court granted the Motion to Withdraw on February 22, 2022, and ordered that Jerry A. Behnke and Catherine S. Owens, counsel of record for the Guardian, "are relieved as counsel and may withdraw as counsel of record." (Dkt. No. 145.) The Guardian requested new "pro bono counsel be appointed, who are invested in defending the disability rights of the mentally ill." (Dkt. No. 144.) The Court, with the assistance of court staff, attempted to find counsel requested by the Guardian whose practice includes civil rights litigation on behalf of persons with disabilities, but was unsuccessful.[2] The Court has also advised Plaintiff that the Central District of California offers Pro Se Clinics in Los Angeles, Riverside, and Santa Ana (*see* Dkt. No. 29), with whom the Guardian represented she has consulted.

---

[1] The reasons court appointed counsel moved to withdraw as counsel of record are set forth in the motion which was filed under seal. (*See* Dkt. No. 139.)

[2] The Guardian represented to the Court that she has also attempted to find counsel who specializes in the ADA, but has been unable to find counsel to represent her.

1  Accordingly, the Court denies the Guardian's request for appointment of counsel.

**B.  Motion for Guardian Ad Litem to Proceed Pro Se**

The Guardian also moves to be permitted to proceed pro se on behalf of Plaintiff in this action, and requests that the Court waive Local Rule 83-2.2.

Local Rule 83-2.2 provides: "A non-attorney guardian for a minor or incompetent person must be represented by counsel." The Ninth Circuit has held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer," agreeing with the reasoning of the Third Circuit that "'it is not in the interest of minors or incompetents that they be represented by non-attorneys.'" *Johns v. Cnty. of San Diego*, 114 F.3d 874, 867, 876-77 (9th Cir. 1997) (citing *Osei–Afriyie v. Medical College*, 937 F.2d 876, 882-83 (3d Cir. 1991)). This Court is bound by the Ninth Circuit's holding that "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Id.* at 877 (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Therefore, the Guardian cannot proceed pro se on behalf of Plaintiff in this action and the Court declines to waive the requirements of Local Rule 83-2.2.

**C.  Remaining Motions**

Because there is no operative complaint, the Guardian is no longer represented by counsel in this action, and the Guardian cannot proceed pro se on behalf of Plaintiff, the Guardian's remaining motions for Amended Complaint Filing Deadline Be Modified, IFP Marshall Service of the amended complaint, and PSJH Release of Complete Medical Records are denied as moot.

### III.  CONCLUSION

Accordingly, the Court rules on the pending matters as follows:

1. Dorothy Calabrese's Request for Appointment of Counsel is **DENIED**;

2. Dorothy Calabrese's Motion for Guardian Ad Litem to Be Pro

    Se Under FRCP 17(c)(2) with L.R. 83-2.2 Waived or Amended is **DENIED**;

3. Dorothy Calabrese's Motion for Amended Complaint Filing Deadline Be Modified is **DENIED AS MOOT**;

4. Dorothy Calabrese's Motion for IFP Marshall Service is **DENIED AS MOOT**; and

5. Dorothy Calabrese's Motion for PSJH Release of Complete Medical Records is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: April 22, 2022.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE